UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RACHAL,<br>          Plaintiff,<br>     v.<br>ROBERT W. FOX,<br>          Defendant. | Case No. 17-cv-01254-PJH<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 22 |

Petitioner, a state prisoner, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was stayed so petitioner could exhaust his claims in state court. The stay has been lifted and petitioner has filed an amended petition.

## DISCUSSION

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) there was a lack of sufficient evidence to convict him of first degree murder; (2) the trial court violated his right to a jury trial by improperly dismissing a juror; and (3) the trial court erred by failing to instruct the jury on a lesser included offense; (4) the trial court erred by failing to properly instruct the jury on the issue of self-defense; (5) the prosecution committed misconduct; (6) his counsel's ineffective representation was a violation of his constitutional right to counsel; (7) the trial court improperly admitted evidence regarding petitioner's ex-girlfriend; (8) his trial counsel provided ineffective assistance by failing to present all of the facts relevant to self-defense and to disprove the prosecution's theory of motive; (9) false testimony was allowed to be presented at trial; (10) trial counsel's decision to forgo manslaughter instructions was not based on a rational and strategic decision; and (11) cumulative constitutional errors caused petitioner undue prejudice. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1.   The clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**.  The clerk also shall serve a copy of this order on petitioner by regular mail.  Respondent can view the petition on the electronic docket (Docket No. 22).

2.   Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due sixty (60) days from the date this order is entered.  If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  September 29, 2021

       /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge